THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-cv-00654-M-RN

| | |
|---|---|
| THE CARROLTON OF DUNN, LLC, | )<br>) |
| Plaintiff | )<br>) |
| v. | ) **REPORT OF THE PARTIES'**<br>) **PLANNING MEETING**<br>) Fed. R. Civ. P. 26(f) |
| UNITED STATES OF AMERICA, | )<br>) |
| Defendant | )<br>) |

## **AMENDED REPORT OF THE PARTIES' PLANNING MEETING**

1. The following persons participated in a Rule 26(f) conference on February 11, 2025, by teleconference:

    Michael J. Desmond and E. Winslow Taylor, representing the Carrolton of Dunn, LLC.

    Emily K. McClure, representing the United States of America.

    On June 2, 2025, the Parties conferred again via email in response to the Court's Order for Discovery Plan. ECF No. 25. The parties agree that the filed Amended Complaint (ECF No. 23) and Answer to Plaintiff's Amended Complaint (ECF No. 24) do not impact the dates as originally set in the Parties' original Rule 26(f) report (ECF No. 9) and the Court's initial Scheduling Order (ECF No. 10).

2. **Initial Disclosures.** Defendant completed the initial disclosures required by Rule 26(a)(1) on February 3, 2025. Plaintiff completed the initial disclosures on February 25, 2025.

    (a) **Discovery Plan.** The parties propose this discovery plan: Discovery will be needed on these subjects:

i. The Plaintiff intends to seek discovery on the following subjects:

1) The Carrolton of Dunn, LLC's payment of qualified wages for the tax periods ending March 31, 2021, June 30, 2021, and September 30, 2021;

2) Treatment by the Internal Revenue Service of COVID-19 guidance and directives from the Department of Health and Human Services ("HHS"), acting through the Centers for Medicare and Medicaid Services ("CMS"), and other government authorities as orders from appropriate governmental authorities for purposes of the ERC.

3) Whether the operation of the Carrolton of Dunn, LLC's trade or business for the tax periods ending March 31, 2021, June 30, 2021, and September 30, 2021, was partially suspended due to orders from appropriate governmental authorities.

ii. The United States intends to seek discovery on the following subjects:

1) The eligibility of the Carrolton of Dunn, LLC, for Employee Retention Credits ("ERCs") for the tax periods ending March 31, 2021, June 30, 2021, and September 30, 2021;

2) The Carrolton of Dunn, LLC's gross receipts.

(b) **Dates for commencing and completing discovery, including discovery to be commenced or completed before other discovery.** The parties have, by agreement, already commenced formal discovery. The parties ask that the Court permit approximately thirteen months for discovery, with fact discovery ending **October 31, 2025**, and expert discovery ending **March 27, 2026.**

(c) **Maximum number of interrogatories by each party to another party, along with the dates the answers are due.** The parties set as a limit 30 interrogatories, including discrete subparts, by each party to any other party unless expanded by agreement of the parties or leave of Court. The parties expressly agree that any interrogatories asking for a complete explanation of their position as to the correct liabilities for each of the amounts at issue in this case (e.g., tax, interest, penalties) shall constitute one interrogatory, notwithstanding the number of subparts included.

(d) **Maximum number of requests for admission, along with the dates responses are due.** The parties set as a limit 100 requests for admissions by each party to any other party unless expanded by agreement of the parties or leave of Court. The parties also agree that requests shall be served so that answers are due no later than 30 days prior to the date the case proceeds to trial. Otherwise, the parties agree that the Federal Rules of Civil Procedure shall govern.

(e) **Maximum number of depositions by each party.** The parties set as a limit 15 depositions of non-experts by each party unless expanded by agreement of the parties or leave of Court.

(f) **Limits on the length of depositions, in hours**. Each deposition is limited to a maximum of seven hours and shall be limited to one day unless extended by agreement of the parties or leave of Court.

(g) **Dates for exchanging reports of expert witnesses.** Disclosure of any experts and any reports from retained experts under Rule 26(a)(2) are due from the plaintiff no later than **December 5, 2025**, and from the defendants by **January 30, 2026**.

Any rebuttal report shall be due by **February 20, 2025**, and shall be limited to responding to subject matter addressed in the defendants' expert report. Each party may depose each expert of the other party no more than once for a maximum of 7 hours on one day unless extended by agreement of the parties or leave of Court.

(h) **Dates for supplementations under Rule 26(e).** Supplements under Rule 26(e) are due in a timely manner, but in no event later than 30 days before the start of trial. The parties agree that any supplement that occurs after the close of discovery may necessitate the need for a limited reopening of discovery so that the non-disclosing party may learn additional relevant information about the newly disclosed information.

(i) **Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.** The parties agree to produce ESI in such electronic form that it can be uploaded, processed, and reviewed in a document management database, such as Relativity. The parties also agree to produce documents in native format when those documents may contain hidden data (e.g., Excel spreadsheets) to the extent reasonably accessible. The parties otherwise agree to confer in good faith to resolve any discovery issues that may arise before seeking judicial intervention. The parties agree to redact from all public filings personally identifying information, such as Social Security numbers and other sensitive information, the disclosure of which could result in a reasonable likelihood of taxpayer's identities being stolen or used for an otherwise improper purpose (e.g., bank account

numbers). Such redactions shall not include the last four numbers of any such data. The parties have not agreed to entry of a stipulated protective order at this time.

(j) **Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

   i. The parties agree that any claims of attorney-client privilege, work-product doctrine, or similar rationales for failing to disclose information in discovery shall be logged in a privilege log to be produced contemporaneously with the response to the relevant discovery request.

   ii. The parties agree that, if at any time after documents are produced for which the producing party has not claimed privilege, a party determines that a document was produced that should have been withheld as privileged or as protected by the work product doctrine, that party shall so inform opposing counsel in writing. Opposing counsel shall immediately destroy any copies of the inadvertently- produced document, including recovering and destroying any copies counsel has provided to the party's designated representatives. Such clawed-back documents, or information derived therefrom, shall not be used in this litigation or for any other purpose.

3. Other Items:

   (a) **A date if the parties ask to meet with the court before a scheduling order.** The parties do not request a conference with the Court prior to the date the Court

issues a scheduling order. To the extent the Court determines it would be of assistance to conduct such a conference, the parties respectfully request that they be allowed to appear remotely via videoconference or telephone.

(b) **Requested dates for pretrial conferences.** The parties request a pretrial conference two weeks prior to the start of trial.

(c) **Final dates for the plaintiff to amend pleadings or to join parties.** The Plaintiff shall be allowed until **March 28, 2025**, to join additional parties or to amend the pleadings. The Defendant will have 14 days after amendment or joinder of additional parties to respond. If a response is filed, the party seeking amendment or joinder will have 7 days from the date of the response to file a reply.

(d) **Final dates for the defendant to amend pleadings or to join parties.** The Defendant shall be allowed until **March 28, 2025**, to join additional parties or to amend the pleadings. The Plaintiff will have 14 days after amendment or joinder of additional parties to respond. If a response is filed, the party seeking amendment or joinder will have 7 days from the date of the response to file a reply. Notwithstanding the above, subject to Plaintiff's reservation of statute of limitations and other defenses, nothing shall preclude the United States from, at any time, modifying the pleadings to seek collection from of any erroneous refund related to the tax periods at issue to the extent it is necessary for the pleadings to be amended to permit that outcome.

(e) **Final dates to file dispositive motions.** All potentially dispositive motions shall be filed in accordance with the schedule below, with the opening dispositive motion filed no later than **May 29, 2026**. The parties agree that they shall confer

after the close of discovery, but no later than **April 24, 2026**, and inform one another whether they intend to move for summary judgment. If, after such a conference, it appears that both parties intend to move for summary judgment, briefing shall proceed as follows:

Plaintiff motion for summary judgment: **May 29, 2026**

United States cross-motion / opposition: **June 19, 2026**

Plaintiff opposition / reply brief: **July 10, 2026**

United States reply brief: **July 24, 2026**

If only one party states an intention to move for summary judgment at the conference to be held on or before **April 24, 2026**, briefing shall proceed as follows:

Motion for summary judgment: **May 29, 2026**

Non-movant's opposition brief: **June 19, 2026**

Movant's reply brief: **July 10, 2026**

The parties agree to a limit of 30 pages for the memoranda filed in support or in opposition to a dispositive motion, which shall not include the separate statement of facts or any responses or replies thereto. The parties further agree to a limit of 15 pages for any reply or sur-reply briefs. Unless provided for otherwise in this report, the parties agree to the procedures for filing dispositive motions contained in Local Rule 56.1.

In addition to potentially dispositive motions, parties may file a motion for partial summary judgment on a question of law (or mixed question of law and fact) involving COVID-19 related governmental orders. The parties agree to meet

and confer on or before **September 5, 2025**, to discuss the filing and briefing schedule for any such motion.

(f) **State the prospects for settlement.** The parties will engage in settlement discussions and work to reaching an amicable resolution. If an agreement is not reached before that time, the parties anticipate that an in-person, mediated settlement conference will be held after the close of fact discovery, with the parties in attendance.[1] The parties expect the mediation to occur no later than **April 24, 2026**.

(g) **Identify any alternative dispute resolution procedure that may enhance settlement prospects and the timing of such procedure.** The parties are unaware of any additional alternative dispute resolution procedure that would enhance settlement prospects.

(h) **Final dates for submitting Rule 26(a)(3) witness lists, designations of witnesses whose testimony will be presented by deposition, and exhibit lists.** Final lists of witnesses and exhibits under Rule 26(a)(3) shall be due from the plaintiff 42 days prior to the start of trial, and from the defendants 35 days prior to the start of trial. The plaintiff shall have the right to supplement its list after receiving the defendants' witnesses and exhibits and shall do so no later than 28 days prior to the start of trial.

(i) **Final dates to file objections under Rule 26(a)(3).** Any objection under Rule 26(a)(3), and any other motion in limine, shall be filed no later than 21 days prior

---

[1] At the settlement conference, the parties agree that the United States will be represented by the trial attorney assigned primary responsibility over this litigation. A person with settlement authority for the United States shall be available by telephone during the entirety of the conference.

to the start of trial. The parties agree that each side shall be limited to three motions in limine, absent permission from the Court to increase that number upon showing of good cause.

(j) **Suggested trial date and estimate of trial length.** The parties propose the Court set this case for trial to begin on **December 7, 2026**. The parties anticipate needing 4–5 days for trial.

(k) **Other matters.** The parties have discussed and do not consent to the jurisdiction over the case of currently assigned Magistrate Judge. The parties do not require the Court's involvement as to any other matters at this time.

Date: June 10, 2025

*/s/ Michael J. Desmond*
Michael J. Desmond
Cody F. Marden
Miller & Chevalier Chartered
900 16th Street, N.W.
Washington, DC 20006
mdesmond@milchev.com
cmarden@milchev.com
(202) 626-1575
*Attorneys for Plaintiff*

Date: June 10, 2025

*/s/ E. Winslow Taylor*
E. Winslow Taylor
Taylor & Taylor Attorneys at Law, PLLC
1080 West 4th Street
Winston-Salem, North Carolina 27101
Winslow@T2Legal.com
(336) 418-4745

*Local Civil Rule 83.1(d) Attorney for Plaintiff*

Date: June 10, 2025                     /s/ Emily K. McClure
                                        Emily K. McClure
                                        Stephanie A. Sasarak
                                        United States Department of Justice, Tax Division
                                        P.O. Box 227 Ben Franklin Station
                                        Washington, DC 20044
                                        Emily.K.McClure@usdoj.gov
                                        Stephanie.A.Sasarak@usdoj.gov
                                        (202) 353-7509